UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-443-RJC

| | |
|---|---|
| ANTHONY WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICK F. HETZEL, Agent, North )<br>Carolina State Bureau of Investigation, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on (1) an Amended Motion to Dismiss by Defendant Rick Hetzel, (Doc. No. 10); (2) two separate Motions for Default Judgment by Plaintiff Anthony Williams, (Doc. Nos. 12; 14); and (3) a Motion for Protective Order by Defendant Hetzel, (Doc. No. 18).

## I.  BACKGROUND

Plaintiff is a state court inmate currently incarcerated at the Brown Creek Correctional Institution in Polkton, North Carolina. On September 9, 2011, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise out of his arrest by United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") Agents and Charlotte Mecklenburg Police officers on September 9, 2002, and Plaintiff's subsequent trial and conviction in September 2003. (Doc. No. 1 at ¶¶ 3-35). Plaintiff alleges that Defendant Hetzel, who was not present during Plaintiff's arrest, gave "false and/or misleading" testimony during Plaintiff's trial. (Id. at ¶¶ 31; 34; 35). Plaintiff alleges that Defendant Hetzel's testimony led to his conviction and subsequent incarceration.

-1-

Plaintiff purports to bring the following five claims against Defendant Hetzel: (1) "Perjury at Plaintiff's 2003 Hearing" in violation of N.C. GEN. STAT. § 12-209 (First Claim for Relief); (2) "Obstruction of Justice" in violation of N.C. GEN. STAT. § 14-221.2 (Second Claim for Relief); (3) Intentional Infliction of Emotional Distress under North Carolina law (Third Claim for Relief); (4) Unfair or Deceptive Trade Practices under N.C. GEN. STAT. § 75-1.1 (Fourth Claim for Relief); and (5) punitive damages (Fifth Claim for Relief). Plaintiff seeks compensatory damages in the amount of $2,044,000.00 and punitive damages in the amount of $245,833.00, interest, treble damages, costs, and attorney's fees. (Id. at 9-10).

## II. DISCUSSION

Defendant Hetzel has filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), and Rules 12(b)(6) of the Federal Rules of Civil Procedure. In support of the motion to dismiss, Defendant first contends that Plaintiff failed to properly effect service of process on Defendant and Plaintiff's complaint should therefore be dismissed pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff purported to serve Defendant by mailing a copy of the Complaint and a "Notice and Acknowledgment of Receipt of Summons and Complaint," via certified mail, to Defendant's office address. Plaintiff then filed the certified mail return receipt, which had been signed by a person named Marjorie Fisher on December 8, 2011. (Doc. No. 5). Plaintiff did not file a proof of service as required by FED. R. CIV. P. 4(*l*).[1]

The Court agrees with Defendant that Plaintiff failed to serve the Complaint and

---

[1] Plaintiff included a purported request for waiver of service, requesting that Defendant waive service of summons. Defendant did not return the request for waiver form and Defendant contends that the request for waiver of service did not comply with Rule 4.

summons on Defendant through one of the approved methods under Rules 4(e) and 4(j)(2) of the Federal Rules of Civil Procedure. Nevertheless, Plaintiff filed an application to proceed in forma pauperis when he filed his Complaint. See (Doc. No. 1-2). Although the Court has not entered an Order granting in forma pauperis status, it does appear that Plaintiff is entitled to proceed in forma pauperis. For plaintiffs proceeding in forma pauperis, 28 U.S.C. § 1915(d) instructs that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." Federal Rules of Civil Procedure 4(c)(3), likewise, requires that "the court must [] order [service to be made by a United States Marshal or deputy marshal] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." See also Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) ("In forma pauperis plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915."). This Court, however, never entered an Order directing the U.S. Marshal to effect service of process on Defendant. Furthermore, Defendant obviously received actual notice of this lawsuit. Therefore, the Court will not dismiss this action based on insufficient service of process on Defendant Hetzel.

The Court finds, however, that this action must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has failed to state a claim in the Complaint. First, Plaintiff cannot bring a claim against Defendant for perjury under North Carolina's criminal statute regarding perjury. See N.C. GEN. STAT. § 14-209. Similarly, Plaintiff cannot bring a claim against Defendant under North Carolina's criminal statute regarding obstruction of justice. See id. § 14-221.2. Next, Plaintiff has failed to state a claim against Defendant Hetzel for unfair or deceptive trade practices because Hetzel's testimony at Plaintiff's criminal trial was simply not "in or affecting commerce," as required to bring a claim

under North Carolina's unfair or deceptive trade practices statute.  See N.C. GEN. STAT. § 75-1.1.

Next, to the extent that Plaintiff has even stated a claim for intentional infliction of emotional distress, this claim is time-barred.[2]  Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the personal injury statute of limitations from the relevant state.  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)).  In North Carolina, the statute of limitations for personal injuries is three years.  See N.C. GEN. STAT. § 1-52(16).  Under N.C. GEN. STAT. § 1-52(13), the statute of limitations for claims against public officers acting under color of office is also three years.

Although the statutory limitations period for § 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law."  Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975).  "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action."  Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

The event giving rise to Plaintiff's claims–Plaintiff's 2003 criminal trial–occurred more

---

[2] To this extent, even if Plaintiff could state a claim for unfair or deceptive trade practices, this claim would be barred by the applicable four-year statute of limitations.  See N.C. GEN. STAT. § 75-16.2.

than eight years before Plaintiff filed this action. Accordingly, even if the Court were to determine that Plaintiff sufficiently stated a claim for intentional infliction of emotional distress against Defendant Hetzel, Plaintiff's claim would be time-barred.

Finally, the Supreme Court has held that a person convicted of a crime may not raise claims in a § 1983 action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff's claims challenge the validity of his underlying conviction, and there is no evidence that his conviction has been set aside. Indeed, Plaintiff remains incarcerated on the same conviction he seeks to challenge in this action. Therefore, this action must be dismissed as barred under Heck v. Humphrey.

To the extent Plaintiff has sued Defendant Hetzel in his official capacity, Plaintiff's claims are, in fact, against the North Carolina State Bureau of Investigation ("SBI").[3] Because the SBI is considered an arm of the State of North Carolina, the Eleventh Amendment bars Plaintiff from recovering money damages from the SBI. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989); Huang v. Board of Governors, 902 F.2d 1134, 1138 (4th Cir. 1990).

III.  **CONCLUSION**

In sum, for the reasons stated herein, the Court will grant Defendant's motion to dismiss and dismiss this action with prejudice.

---

[3] Defendant Hetzel contends that he is entitled to qualified immunity to the extent that he is being sued in an individual capacity. Because the Complaint will be dismissed on other grounds, the Court need not address the additional defense of qualified immunity.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Amended Motion to Dismiss, (Doc. No. 10), is **GRANTED**, and this action is dismissed with prejudice.

2. Plaintiff's two Motions for Default Judgment, (Doc. Nos. 12; 14), and Defendant's Motion for Protective Order, (Doc. No. 18), are all **DENIED** as moot.

3. The Clerk is directed to close the case.

Signed: July 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge