# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### 3:11-cv-443-RJC

ANTHONY WILLIAMS,

        Plaintiff,

v.

RICK F. HETZEL,
SBI Agent, North Carolina State
Bureau of Investigation,
        Defendant.

**ORDER**

**THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff Anthony Williams. (Doc. No. 26).

On September 9, 2011, Plaintiff filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, in which he attempted to challenge the legality of a 2003 conviction for trafficking in cocaine by possession. Plaintiff named as the sole Defendant Rick F. Hetzel of the North Carolina State Bureau of Investigation.

Plaintiff's claims arise out of his arrest by United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") Agents and Charlotte Mecklenburg Police officers on September 9, 2002, and Plaintiff's subsequent trial and conviction in September 2003. Plaintiff alleged that Defendant Hetzel, who was not present during Plaintiff's arrest, gave false and/or misleading testimony at Plaintiff's trial. Plaintiff alleges that Defendant Hetzel's testimony led to his conviction and subsequent incarceration.

In the Complaint, Plaintiff purported to bring the following five claims against Defendant Hetzel: (1) "Perjury at Plaintiff's 2003 Hearing" in violation of N.C. GEN. STAT. § 12-209

(First Claim for Relief); (2) "Obstruction of Justice" in violation of N.C. GEN. STAT. § 14-221.2 (Second Claim for Relief); (3) Intentional Infliction of Emotional Distress under North Carolina law (Third Claim for Relief); (4) Unfair or Deceptive Trade Practices under N.C. GEN. STAT. § 75-1.1 (Fourth Claim for Relief); and (5) punitive damages (Fifth Claim for Relief).

In an Order dated July 3, 2012, this Court dismissed all of Plaintiff's claims as either barred by the applicable statutes of limitations, for failure to state a claim, and/or as barred by the principles articulated in Heck v. Humphrey, 512 U.S. 477, 489 (1994). (Doc. No. 22).

On July 26, 2012, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 26), is **DENIED**.

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge